WADE & DUNTON CARRIAGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28394.  Promulgated November 25, 1930.

*Robert Ash, Esq., T. J. Reilly, Esq.,* and *S. W. Sawyer, C. P. A.,* for the petitioner.

*P. M. Clark, Esq.,* for the respondent.

OPINION.

SMITH: Section 234 (a) (5) of the Revenue Act of 1921 permits a corporation in computing its net income to deduct from gross income:

Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

Although the petitioner, prior to 1921, had not maintained any reserve for bad debts, it elected to set up a reserve for bad debts at the close of 1921 and to deduct from gross income in its annual tax return for that year, as permitted by the regulations, a reasonable addition to a reserve for bad debts in lieu of the amount of debts ascertained to be worthless and charged off within the taxable year. The method by which it arrived at the addition to its reserve for bad debts in the amount of $44,989.87 is set forth in our findings. The respondent, upon an audit of the petitioner's books of account, determined that the amount claimed in its return as a reasonable addition to a reserve for bad debts was excessive and reduced the amount deductible to $30,596.08, which is the amount of the debts ascertained to be worthless and charged off within the taxable year. In his computation (set forth in our findings), the respondent determined that for the purpose of arriving at a reasonable addition to a reserve for bad debts it should be assumed that $27,225 represented a reasonable amount as a reserve for bad debts at December 31, 1920. The basis for this assumption is not shown by the record. The respondent determined that a reasonable reserve for bad debts at the close of 1921 was $14,393.79, which is the amount shown on the petitioner's books. Why the respondent should have assumed that a proper reserve at December 31, 1920, was nearly twice the amount of a proper reserve at December 31, 1921, when the notes and accounts receivable at the end of 1920 were $101,759.68, and at the end of 1921 were $140,188.63, is not apparent.

The only question for our determination is whether the amount deducted by the petitioner was a *reasonable* addition to a reserve for bad debts. What constitutes a reasonable addition must be determined from a consideration of all of the facts in the case. *Transatlantic Clock & Watch Co.*, 3 B. T. A. 1064; *First National Bank of Omaha*, 17 B. T. A. 1358. A taxpayer is not entitled to deduct both a reasonable addition to a reserve for bad debts and also debts ascertained to be worthless and charged off within the year. *Rhode Island Hospital Trust Co.* v. *Commissioner*, 29 Fed. (2d) 339.

The petitioner argues that if it may not in all the circumstances of the case be entitled to deduct from gross income as a reasonable addition to a reserve for bad debts both the amounts ascertained to be worthless and charged off its books of account, namely, $30,596.08, and an amount which it set up as a reserve for bad debts at December 31, 1921, in the amount of $14,393.79, nevertheless, the respondent is in error in assuming that a reasonable reserve for bad debts at the end of 1920 was $27,225. The petitioner submits that if it is to be assumed that there should be a reserve for bad debts at the close of 1920, for the purpose of computing a reasonable addition to it in obtaining an amount deductible from the gross income of 1921, that reserve should be based upon its prior experience in the years 1919 and 1920; that it should be based upon the percentage of bad debts to sales; and that such a computation shows as follows:

| Year | Sales | Bad debts | Percentage of bad debts to sales |
|---|---|---|---|
| 1919 | $642,989.89 | $1,158.05 | 0.0018 |
| 1920 | 783,166.49 | 2,090.14 | .0027 |
| Total | 1,426,156.38 | (average) 3,248.19 | (average) .0023 |

Total sales for 1920 ---------------------------------------------------- $783,166.49
Average percentage of loss on bad accounts for the years 1919 and 1920 ---- 0.0023
Reasonable reserve for bad debts as of December 31, 1920, based upon sales -- 1,801.28

We can not doubt from the entire record that the business depression, which affected some communities in 1920, affected the petitioner principally in 1921. Conditions during 1921 were recognized in the case of *Rhode Island Hospital Trust Co.* v. *Commissioner, supra*, wherein it is stated:

The general conditions, especially in New England, were very bad. Textiles are a very large part of the business of the company. The textile business was very bad. Almost all the cotton mills and textile mills had overbuilt during the war. Business dropped off. Some paid off too much money in dividends, spent too much money in their plants, and there was a frozen condition. The mills could not collect the receivables themselves, and they could not pay the banks. The banks through the whole country practically carried business along for quite a period. If they had not, there would have been some very bad business, and as it was, a good many of the weaker mills failed, and it was a rather anxious time for banks.

The outlook at the time when the addition to the reserve for the fiscal year 1921 was ordered, justified the sum of $200,000 as a reasonable figure.

Upon the record we determine that a reasonable addition to a reserve for bad debts deductible from gross income for the year 1921 was $43,188.59 determined as follows:

| | |
|---|---|
| Debts ascertained to be worthless and charged off in 1921 | $30, 596. 08 |
| Bad debts—reserve on accounts receivable (Dec. 31, 1921) | 10, 000. 00 |
| Bad debts—reserve on notes discounted (Dec. 31, 1921) | 4, 393. 79 |
| Total | 44, 989. 87 |
| Less estimated reserve for bad debts (Dec. 31, 1920) | 1, 801. 28 |
| Net addition to reserve for bad debts | 43, 188. 59 |

*Judgment will be entered under Rule 50.*